FILED
2019 Jan-08 AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MELANIE TOLBERT,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|    v. ) | **Case No. 4:18-CV-00680- KOB** |
| ) | |
| **HIGH NOON PRODUCTIONS, LLC** ) | |
| **d/b/a; HIGH NOON ENTERTAINMENT;** ) | |
| **DISCOVERY, INC. a/k/a DISCOVERY** ) | |
| **COMMUNICATIONS, LLC f/k/a** ) | |
| **SCRIPPS NETWORK INTERACTIVE,** ) | |
| **INC., a/k/a SCRIPPS NETWORKS, LLC,** ) | |
| ) | |
|    **Defendants.** ) | |

## **MEMORANDUM OPINION**

Plaintiff Melanie Tolbert brings this claim under the Copyright Act (17 U.S.C. §§ 101 *et seq.*) and Alabama tort law against High Noon Productions, LLC and Discovery, Inc. Defendant High Noon moves to dismiss the action under Rule 12(b)(2) for lack of personal jurisdiction. (Doc. 9). Defendants High Noon and Discovery move to dismiss the copyright claim under Federal Rule of Civil Procedure 12(b)(6) and move to dismiss the entire action under Federal Rules of Civil Procedure 12(b)(7) and 19. Defendants alternatively move for a more definite statement under Rule 12(e). Finally, Defendants move to dismiss Plaintiff's unjust enrichment claim as preempted by the Copyright Act and to dismiss some of Plaintiff's claims for damages as impermissibly speculative. In the event this court concludes it cannot exercise personal jurisdiction over Defendant High Noon, Plaintiff moves this court to transfer High Noon to an appropriate jurisdiction. (Doc. 19).

For the following reasons, the court will DENY Plaintiff's motion to transfer Defendant High Noon, GRANT Defendant High Noon's motion to dismiss for lack of personal jurisdiction, and DISMISS WITHOUT PREJUDICE High Noon from the case. The court will DENY Defendant Discovery's motion to dismiss under Rule 12(b)(6) and 19. Alternatively, the court will GRANT Defendant's motion for a more definite statement Rule 12(e). The court will GRANT Defendant's motion to dismiss Plaintiff's unjust enrichment claim as preempted and will DENY Defendant's motion to dismiss some of Plaintiff's claims for damages as speculative.

**I. Standards of Review**

*Rule 12(b)(2) motion to dismiss standard of review*

Defendant High Noon moves to dismiss Ms. Tolbert's claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (internal citations omitted).

A court may exercise personal jurisdiction over a non-resident defendant only when a plaintiff shows that the defendant had sufficient contacts with the forum state to satisfy both the requirements of the state's long-arm statute and the due process requirements of the United States Constitution. *Williams Electric Co. v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir. 1988). The Alabama Supreme Court has interpreted Alabama's long-arm statute as extending as far as the limits permitted by constitutional due process. *Elliott v. Van Kleef*, 830 So. 2d 726, 729 (Ala. 2002).

Under the constitutional requirements of due process, a court may exercise personal jurisdiction over a defendant when (1) the defendant has sufficient "minimum contacts" with the

forum state and (2) the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1545 (11th Cir. 1993) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

*Rule 12(b)(6) motion to dismiss standard of review*

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of her entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id*.

*Rule 19 motion to dismiss standard of review*

The Defendants also move to dismiss Ms. Tolbert's claims pursuant to Rule 19(b), asserting that several individuals mentioned but not identified by name in the complaint are indispensable parties she has not joined. More accurately, they bring this motion pursuant to Rule 12(b)(7), which provides that a party may present by motion the defense that the complaint should be dismissed "for failure to join a party under Rule 19." Fed. R. Civ. P 12(b)(7).

District courts addressing a motion to dismiss under Rule 12(b)(7) and Rule 19 undertake a two-step inquiry. The first step is deciding whether the absent party is a "required party" within the meaning of Rule 19. *See Molinos Valle del Cibao v. Lama,* 633 F.3d 1330, 1344 (11th Cir. 2011). If the absent party is "required" and can be joined, then "the court must order that the person be made a party." Fed. R. Civ. P 19(a)(2). In step two, if the absent party is "required" but cannot be joined, then the court must consider whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

To make this decision, the district court considers the factors listed in Rule 19(b):

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b) (1)–(4). The court may look not only at the pleadings but also at evidence that the parties present. *See Estes v. Shell Oil Co.,* 234 F.2d 847, 849 n. 5 (5th Cir.1956).

*Rule 12(e) motion for more definite statement standard of review*

In the alternative to dismissal, Defendants move for a more definite statement of the complaint under Federal Rule of Civil Procedure 12(e). The court first notes that Rule 12(e) sets out a very high standard for determining whether to grant a motion for a more definite statement: the complaint must be "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Furthermore, a party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery. *See Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000) ("A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for pre-trial discovery proceedings."). Nevertheless, when a plaintiff fails to identify key facts, unduly increasing the burden of understanding the factual allegations, district courts may grant a 12(e) motion for a more definite statement. *Cf. Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015).

## II. Complaint's Factual Allegations

Melanie Tolbert alleges that she conceived of the then-original idea for a mother-daughter home renovation television show and reached out to several television industry contacts about the possibility of creating such a show. Ms. Tolbert then filmed a teaser trailer with her mother to help pitch the idea. Ms. Tolbert disseminated the teaser to several unnamed individuals and now alleges that some or all of those parties somehow transmitted the teaser to either High Noon or Discovery.

Ms. Tolbert's efforts did not ultimately lead to a television show. But in 2017, Ms. Tolbert noticed that Discovery-owned HGTV had its own mother-daughter home renovation show called *Good Bones*, produced by High Noon. Ms. Tolbert subsequently acquired a copyright on her initial teaser and now brings this action against Discovery and High Noon for infringing her copyright.

High Noon is a limited liability company organized in Colorado, with offices in Colorado and California. High Noon has produced at least nine television episodes within the state of Alabama, none of which are connected to the instant action.

### III. Legal Analysis

Defendants' motion to dismiss raises six distinct legal arguments. This Memorandum Opinion discusses each in turn.

#### A. *Motion to Dismiss High Noon for Lack of Personal Jurisdiction Under Rule 12(b)(2)*

Defendant High Noon moves this court to dismiss it from this action for lack of personal jurisdiction. For the reasons stated below, the court will GRANT High Noon's motion to dismiss for lack of personal jurisdiction and will DISMISS WITHOUT PREJUDICE all claims against Defendant High Noon.

A court may exercise two types of personal jurisdiction: general and specific. Plaintiff has argued that Defendant High Noon is subject to this forum's personal jurisdiction under either general or specific personal jurisdiction.

For the court to exercise general jurisdiction, the plaintiff must show that the defendant's connections with Alabama, the forum state, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). Such contacts need not have a connection to the litigation, but they must be so extensive that the defendant may be regarded as

"essentially at home" in Alabama. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The paradigm for a business's "home" is its place of organization and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. at 137. Although general jurisdiction is not limited to only those two types of places, "only a limited set of affiliations with a forum will render a defendant at home there." *Id*; *see also Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (calling general jurisdiction outside the paradigm forums only appropriate in "exceptional cases"). In *Waite v. All Acquisition Corp.*, the Eleventh Circuit affirmed lack of general jurisdiction when the defendant corporation had a plant, a distributor, several consumers, and an agent to receive service on the company's behalf within the forum state. 901 F.3d at 1317.

Here, Plaintiff alleges that Defendant High Noon has filmed nine television episodes in the state of Alabama, each of which likely took between five and seven days, required twelve to one hundred employees, and cost between $100,000 and $500,000. (Doc. 13 at 8–9). None of these episodes were related to High Noon's work on *Good Bones*. High Noon is a national television production company formed and headquartered in Colorado. High Noon's limited activity in Alabama does not even reach the activity level of the defendant in *Waite*, a case in which the Eleventh Circuit affirmed dismissal for lack of general personal jurisdiction. 901 F.3d at 1317. Thus, the court concludes that Plaintiff has not met her burden to show that this court has general personal jurisdiction over Defendant High Noon.

Specific jurisdiction, as distinguished from general jurisdiction, arises when "a party's contacts with the forum . . . are related to the cause of action." *Williams Electric*, 854 F.2d at 392 (citing *International Shoe*, 326 U.S. at 316). The defendant's conduct and connection with the

forum must be such "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Tortious conduct intentionally aimed at a forum state can sufficiently establish "minimum contacts" for specific personal jurisdiction. *Calder v. Jones*, 465 U.S. 783, 789 (1984). However, an out-of-state resident's "mere untargeted negligence" that causes harm to an Alabama resident is not enough to establish personal jurisdiction within the state of Alabama. *Sudduth v. Howard*, 646 So. 2d 664, 668–69 (Ala. 1994) (citations omitted). Stated differently, specific personal jurisdiction requires a showing that the defendant's tortious actions were "purposefully directed toward the forum State." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112 (1987).

Ms. Tolbert has failed to allege in her complaint, her response to Defendant High Noon's motion to dismiss, or her separate submission in support of personal jurisdiction any facts suggesting High Noon purposefully directed its alleged infringing activity at Alabama or even had reason to know High Noon's alleged infringement would cause harm in Alabama. She does not allege the teaser made any representation that the setting or her residence was in the state of Alabama, nor does she allege High Noon received notice or copies of any emails in which she specified that she lived in Alabama. (*See* Doc. 14-1 at ¶ 4). Ms. Tolbert re-alleges High Noon's various contacts with this forum pursuant to its work producing several television show episodes in Alabama. (Doc. 13 at 10–11). None of these contacts appears to have any connection with the instant action, and thus they cannot support a conclusion that High Noon could have reasonably anticipated being haled into this forum for this particular case.

Accepting Plaintiff's factual allegations as true, this court concludes that Plaintiff has failed to establish a prima facie case that this court's exercising personal jurisdiction over

Defendant High Noon would comport with traditional notions of fair play and substantial justice. So the court concludes it does not have personal jurisdiction over Defendant High Noon.

Plaintiff has moved that, in the event this court concludes personal jurisdiction over High Noon is not proper in Alabama, the court transfer this case to an "appropriate jurisdiction." (Doc. 19 at 1). Under 28 U.S.C. § 1406(a), a district court can, in the interest of justice, transfer a case to an appropriate jurisdiction upon determining that it lacks personal jurisdiction. Plaintiff asserts that she would "likely be prejudiced" and "may face a statute of limitations issue" if the court dismisses High Noon instead of transferring the claims against High Noon to another district. (*Id.*, at ¶¶ 3–4). But Plaintiff has failed to state with particularity why the interests of justice weigh in favor of this court transferring her claims against High Noon to another district, instead merely stating that she *may* face a statute of limitations issue. Additionally, Ms. Tolbert has failed to identify a proper district for transfer, instead requesting the court to transfer to any appropriate district.

Thus, pursuant to its discretion under § 1406(a), this court will DENY Plaintiff's motion to transfer, GRANT Defendant High Noon's motion to dismiss for lack of personal jurisdiction, and DISMISS WITHOUT PREJUDICE Defendant High Noon.

   B.  *Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)*

Now the sole remaining defendant, Discovery moves to dismiss Plaintiff's copyright claim for failing to state a claim upon which relief can be granted. For the following reasons, this court will DENY Defendant's motion to dismiss Plaintiff's copyright claim under Rule 12(b)(6).

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) copying of constituent elements of her original work. *Id*. at 361. A plaintiff can prove copying via direct evidence but more often proves copying by showing (1) proof of access

to the original and (2) substantial similarity between the original and the alleged copy. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996).

If the court determines the alleged infringer copied the original work, the court must determine whether "the portion of the work copied is original and thus protectable . . . [and whether] the offending and copyrighted works [are] substantially similar." *MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 89 F.3d 1548, 1554 (11th Cir. 1996) (citing *Lotus Development Corp. v. Borland Intern., Inc.*, 49 F.3d 807, 813 (1st Cir. 1997)) (internal quotations omitted).

Copyright infringement cases are appropriately dismissed under Rule 12(b)(6) if the four corners of the plaintiff's complaint allege infringement of something that is clearly not protected by the Copyright Act, such as an idea, procedure, concept, or discovery. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1229 (11th Cir. 2008). Less clear is the appropriateness of dismissing a copyright infringement claim under Rule 12(b)(6) for failing to plausibly establish substantial similarity. *Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*, 697 F. Supp. 1136, 1138 (E.D. Cal. 1987) ("The court is aware that very seldom are the issues presented by this motion disposed of pursuant to Rule 12(b)(6). From its research, virtually all of the cases are rulings on motions for summary judgment."). Regardless of procedural appropriateness, a court should at least be able to compare the entire works at issue before finding that no substantial similarity between the works exists. *See Dellar v. Samuel Goldwyn, Inc.*, 104 F.2d 661, 662 (2d. Cir. 1939).

In its motion, Defendant Discovery argues that dismissal of Plaintiff's complaint is appropriate because she has attempted to claim a copyright for an entire subgenre of television programming. The court agrees that a subgenre of renovation television shows is not protectable under the Copyright Act. However, Plaintiff has not just alleged that Defendant copied her *idea*

for a show but rather that Defendant copied elements of her teaser video. Plaintiff alleges that the infringing show "utilized plaintiff's show details contained in her video." (Doc. 8 at ¶ 31). Plaintiff also included screenshots of the allegedly similar elements in *Good Bones* and the teaser. (Doc. 8-2).

Plaintiff has established prima facie evidence of her ownership of a valid copyright of the video and has specifically alleged that Defendant copied elements of that video and then used them in *Good Bones*. Thus, this court rejects Defendant's argument that Plaintiff's complaint attempts to claim copyright protection for an idea or concept because the complaint goes further in alleging copying of actual components of her teaser.

Alternatively, Defendant argues that Plaintiff has alleged "the barest of similarities between her video and two seasons of *Good Bones*" and seemingly moves this court to dismiss Plaintiff's claim for failing to show substantial similarity between her teaser and *Good Bones*. (Doc. 9 at 7). Defendant may be correct that Plaintiff "does not come close to proving [] substantial similarity between [the] teaser video and *Good Bones*." (Doc. 18 at 3). But that is not her burden at the pleading stage.

This court declines to make any judgment on the merits without having seen the complete works at issue and thus will DENY Defendant's motion to dismiss Plaintiff's complaint for failing to state a claim upon which relief can be granted.

### C. *Motion to Dismiss for Failure to Join Indispensable Party Under Rule 12(b)(7)*

Pursuant to Rules 12(b)(7) and 19, Defendant moves to dismiss Plaintiff's complaint for failing to join several unnamed parties who allegedly transferred Plaintiff's teaser trailer to Discovery or High Noon. (Doc. 9 at 12). Defendant first bears the burden to show that these absent parties are indispensable under Rule 19.

The Eleventh Circuit has provided that a party is indispensable when he "emerges as an active participant" in allegations that are "critical to the disposition of the important issues in the litigation." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999) (citations omitted). The Eleventh Circuit has yet to apply this test in the copyright context, but this court has previously held that "the victim of copyright infringement may sue as many or as few of the alleged wrongdoers as he chooses" and that "those left out of the lawsuit are not indispensable parties." *Broadcast Music, Inc.v. Catfish Entm't, Inc.*, No. 5:11-cv-2879-JEO, 2011 WL 13229319, at *3 (N.D. Ala. Nov. 8, 2011) (quoting *Stabilisierungsfonds Fur Wein, et al. v. Kaiser Stuhl Wine Distributors Pty. Ltd., et al.*, 647 F.2d 200, 207 (D.C. Cir. 1981)); *see also Costello Pub. Co. v. Rote*, 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("[A]ny member of the distribution chain can be sued as an alleged joint tortfeasor . . . [but] those left out of the lawsuit . . . are not indispensable parties.") (citations omitted). A member of a distribution chain involved in infringing a copyright *may* emerge as an active participant and critical to the disposition of important issues in the litigation; simply being in the distribution chain, though, does not make one an indispensable party.

Plaintiff's complaint mentions several individuals in the distribution chain that are not parties to this action. (*See* Doc. 8 at ¶¶ 19–21, 23–30). The absent parties' level of involvement in the alleged infringement varies from having professional relationships with Discovery or High Noon to intentionally conveying the teaser to Discovery or High Noon. Ms. Tolbert does not allege that the absent parties conspired with Defendant to infringe her copyright or played any role in creating the infringing work other than potentially passing along Ms. Tolbert's teaser video. Thus, this court concludes that Defendant has not met its burden of showing that the unnamed parties are indispensable and will DENY its motion to dismiss under Rule 19.

### D. Motion for a More Definite Statement Under Rule 12(e)

Alternatively, Discovery moves that Plaintiff be required under Rule 12(e) to amend her complaint to provide the identities of the various unnamed parties excluded. For the reasons stated below, this court will GRANT Defendant Discovery's motion for a more definite statement under Rule 12(e).

In support of its motion under Rule 12(e), Defendant points out that the complaint makes no fewer than nine references to unnamed individuals who Plaintiff alleges played a role in providing Discovery or High Noon access to her copyrighted material. (*See* Doc. 8 at ¶¶ 16, 19, 21, 23–30). Without including the names or identifying information for these individuals, Plaintiff asks Defendant to respond to allegations it cannot adequately understand. Plaintiff argues that the individuals' identities "would be expected to be ascertained with discovery," (doc. 13 at 27), but the complaint insinuates that Plaintiff already knows the identities of some or all the unnamed individuals because she either called or emailed them. Plaintiff should provide the names of each individual referenced in her complaint to the best of her knowledge and ability, especially those who allegedly played an active role in providing Discovery or High Noon access to her copyrighted work. Thus, the court will GRANT Defendant's motion for a more definite statement of the pleadings.

### E. Motion to Dismiss Unjust Enrichment Claim as Preempted by Copyright Act

Defendant moves to dismiss Plaintiff's unjust enrichment claim as preempted by her exclusive rights under the Copyright Act. For the following reasons, this court will GRANT Defendant's motion to dismiss Plaintiff's unjust enrichment claim and will DISMISS WITH PREJUDICE Plaintiff's claim for unjust enrichment from this action.

Under the Copyright Act, a state law claim is preempted if (1) the legal and equitable rights are equivalent to those § 106 confers, and (2) the issue falls within the subject matter of copyright as specified by §§ 102–103. 17 U.S.C. § 301. The exclusive rights § 106 provides include creating and distributing reproductions, derivations, and copies of the copyrighted work.

The Eleventh Circuit has adopted the "extra element" test, where state law claims survive preemption challenges if under the state law "an extra element is required instead of or in addition to the acts" required for a copyright claim. *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996)). The extra element test is "not a rote comparison of the elements of the two claims" and instead requires the court to determine if the state law claim includes a "qualitatively different" element. *Psychic Readers Network, Inc. v. Take-Two Interactive Software Inc.*, No. 17-61492-CIV, 2018 WL 1517690, at *3 (S.D. Fla. Feb. 5, 2018) (citing *Foley*, 249 F.3d at 1285).

The elements of a copyright claim are (1) plaintiff's ownership of a valid copyright and (2) defendant's copying of constituent elements of the original work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The elements of an unjust enrichment claim under Alabama law are that the (1) defendant knowingly accepted or retained benefit (2) provided by another (3) who had reasonable expectation of compensation. *Portofino Seaport Village, LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008).

An Alabama court has yet to rule on whether, or in what circumstances, a plaintiff can bring an unjust enrichment claim alongside a copyright infringement claim. But courts typically regard unjust enrichment claims as equivalent to copyright claims and therefore preempted. *See Archer v. Holmes*, No. 1:17-CV-2051-TWT, 2018 WL 534475, at *3 (N.D. Ga. Jan. 23, 2018)

(citing 1 Nimmer on Copyright § 1.01[B][1][g] (2017)).[1] Preemption can be a fact-intensive analysis, such as whether the claim arises from a fiduciary or contractual relationship. *See Asunto v. Shoup*, 132 F. Supp. 2d 445, 453 (E.D. La. 2000).

As an initial matter, Ms. Tolbert's teaser video falls within the subject matter of copyright as set forth in §§ 102 and 103, so the only question is whether her unjust enrichment claim includes an "extra element." Ms. Tolbert asserts that her unjust enrichment claim features an extra element because she alleges that at least one of the unnamed producers to whom she sent her teaser deceived her by downplaying potential interest, only to later capitalize on the idea and teaser with Defendant Discovery. (Doc. 13 at 24).

The Eleventh Circuit has held that an additional element of scienter "narrows the applicability" of a claim but "does not render the elements . . . different in a meaningful way." *Crow v. Wainwright*, 720 F.2d 1224, 1226 (11th Cir. 1983). The Eleventh Circuit has not addressed if allegations of deception in an unjust enrichment claim are analogous to scienter in the context of preemption.

But the Second Circuit has nearly identical preemption precedent regarding scienter. *Computer Assocs. Intern., Inc. v. Altai, Inc.* 982 F2d 693, 717 (2d. 1992) ("An action will not be saved from preemption by elements such as awareness or intent . . . ."). And in *Atrium Group de Ediciones y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, the Southern District of New York analogized deception to scienter when it concluded that deception "is not the sort of element that would cause claims for unjust enrichment or misappropriation to be 'qualitatively different' from the Federal Copyright Act." 565 F. Supp. 2d 505, 510 (S.D.N.Y. 2008). This court agrees and

---

[1] The Eleventh Circuit has positively cited Nimmer on Copyright in at least two of its decisions dealing with the issue of copyright preemption. *See Donald Frederick Evans & Assoc., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986); *Crow v. Wainwright*, 720 F.2d 1224, 1226 (11th Cir. 1983).

concludes that Plaintiff's unjust enrichment claim does not allege a meaningful extra element in addition to the acts required for a copyright infringement claim.

Thus, this court will GRANT Defendant's motion to dismiss Plaintiff's unjust enrichment claim as preempted by the Copyright Act and will DISMISS WITH PREJUDICE Plaintiff's unjust enrichment claim against Defendant.

*F. Motion to Dismiss Plaintiff's Claims for Damages as Impermissibly Speculative*

Finally, Defendant moves to dismiss some of Plaintiff's claims for damages as impermissibly speculative. For the reasons stated below, this court will DENY Defendant's motion regarding Plaintiff's claims for damages.

The Copyright Act entitles a plaintiff to recover for the actual damages she suffers "as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. 504(b).

The plaintiff bears the burden to prove a causal connection between the infringement and the resultant injury. *Montgomery v. Noga*, 168 F.3d 1282, 1294 (11th Cir. 1999). Complaints, however, are not required to prove anything but rather to state sufficient allegations. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . .").

Defendant has not provided, and this court has not found, any authoritative case in which a district court dismissed certain copyright damages claims as impermissibly speculative at the pleading stage. This court declines to be the first. The court will DENY Defendant's motion to dismiss Plaintiff's claims for damages as impermissibly speculative.

## IV. Conclusion

For the reasons discussed above, the court will DENY Plaintiff's motion to transfer, GRANT Defendant High Noon's motion to dismiss for lack of personal jurisdiction, and DISMISS WITHOUT PREJUDICE High Noon from this case. The court will DENY Defendant Discovery's motions to dismiss for failure to state a claim under Rule 12(b)(6) and for failure to join indispensable parties under Rules 12(b)(7) and 19. Alternatively, the court will GRANT Defendant's motion for a more definite statement on the pleadings and will ORDER Plaintiff to provide this more definite statement within 14 days of this Memorandum Opinion and the accompanying Order. The court will GRANT Defendant's motion to dismiss Plaintiff's unjust enrichment claim as preempted by the Copyright Act and will DISMISS WITH PREJUDICE Plaintiff's unjust enrichment claim. Finally, the court will DENY Defendant's motion to dismiss Plaintiff's damages claims as impermissibly speculative.

**DONE** and **ORDERED** this 8th day of January, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE