# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| MELANIE TOLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-00680- KOB |
| | ) | |
| DISCOVERY, INC. a/k/a DISCOVERY | ) | |
| COMMUNICATIONS, LLC f/k/a | ) | |
| SCRIPPS NETWORK INTERACTIVE, | ) | |
| INC., a/k/a SCRIPPS NETWORKS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's "Motion for Leave to Amend," (doc.

29), and "Plaintiff's Motion to Alter, Amend, or Vacate," (doc. 30). In her motion for leave to

amend, Plaintiff Melanie Tolbert asks this court for leave to amend her complaint with additional

factual allegations related to establishing specific personal jurisdiction over recently-dismissed

defendant High Noon Productions, LLC. In her motion to alter, amend, or vacate, Ms. Tolbert

asks this court to reconsider its prior decision to dismiss High Noon Productions, LLC, or

alternatively, to reinstate High Noon as a defendant in light of the proposed amendments to the

complaint. The motion also asks this court to transfer this case to the District Court of Colorado.

This court GRANTS Ms. Tolbert's motion for leave to amend, (doc. 29), and FINDS AS MOOT

Ms. Tolbert's motion to alter, amend, or vacate, (doc. 30).

### I. Background

Defendant High Noon filed its motion to dismiss for lack of personal jurisdiction on June

13, 2018. (Doc. 9). This court granted High Noon's motion and dismissed it from this case

without prejudice on January 8, 2019. (Doc. 22). In its Memorandum Opinion, the court

explained that, due to pleading deficiencies in her complaint, Ms. Tolbert had failed to establish

that this court had personal jurisdiction over High Noon. (Doc. 21 at 6–9). This court also denied

Ms. Tolbert's conditional motion to transfer this case because she failed to state with

particularity why the interests of justice weighed in favor of transfer or to identify a proper

jurisdiction for transfer. (Doc. 21 at 9).

Ms. Tolbert subsequently filed a motion for leave to amend her complaint with factual

allegations purportedly sufficient to establish this court's personal jurisdiction over High Noon.

(Doc. 29). On the same day, Ms. Tolbert filed a second motion asking this court (1) to alter,

amend, or vacate its decision to dismiss High Noon for lack of personal jurisdiction; or,

alternatively, (2) to alter, amend, or vacate its decision to deny Ms. Tolbert's motion to transfer.

**II. Discussion**

In her two motions, Ms. Tolbert asks this court to grant her leave to amend her complaint

under Federal Rule of Civil Procedure 15(a)(2) and to reconsider its prior Order, presumably

under Federal Rule of Civil Procedure 59(e) or 60(b), though the motion does not specify.

Under Rule 15(a), courts should freely give plaintiffs leave to amend their pleadings

when justice so requires. Fed. R. Civ. P. 15(a)(2). High Noon asks this court to deny Ms.

Tolbert's motion because "the Eleventh Circuit has explained that granting leave to amend under

15(a) is not appropriate post-judgment unless a party has obtained relief from that judgment

under Rule 59(e) or Rule 60(b)." *Shuler v. Strange*, 2:16-CV-695-VEH, 2017 WL 748515, at *2

(N.D. Ala. Feb. 27, 2017) (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45

(11th Cir. 2010)). But those cases do not apply. The rule in those cases only applies when the

"district court has dismissed the complaint *and entered final judgment* for the defendant." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n. 22 (11th Cir. 2006) (emphasis added).

This court dismissed High Noon *without prejudice* for pleading deficiencies, so its Order did not constitute a final judgment. Thus, the court considers Ms. Tolbert's motion for leave to amend her complaint under the normal liberal standard of Rule 15(a).

High Noon alternatively argues that Ms. Tolbert's amended complaint would be futile because she "seeks to add additional averments based on the very same allegations that were before the Court at the time High Noon's motion to dismiss was granted." (Doc. 33 at 4).

This court explained that Ms. Tolbert's original complaint failed to establish this court's jurisdiction by failing to allege "any facts suggesting High Noon purposefully directed its alleged infringing activity at Alabama or even had reason to know High Noon's alleged infringement would cause harm in Alabama." (Doc. 21 at 8). In her proposed amendments, Ms. Tolbert alleges (1) that the allegedly copied video conspicuously identified Alabama as its setting; (2) that High Noon received copies of emails that indicated Ms. Tolbert is a resident of Alabama; and (3) that based on this information, High Noon knew Ms. Tolbert lived in Alabama and that its alleged infringement would cause injury in the forum state. (Doc. 29-1).

These additional factual allegations cure the pleading deficiencies identified in this court's prior opinion and would not be futile, so the court GRANTS Ms. Tolbert's motion for leave to amend her complaint and DIRECTS the Clerk of Court to reinstate High Noon as a defendant in this case. The court also FINDS AS MOOT "Plaintiff's Motion to Alter, Amend, or Vacate." (Doc. 30).

The court recognizes that High Noon made legal arguments for lack of personal jurisdiction that this court did not address in its Memorandum Opinion. High Noon may reassert those or any additional arguments in another motion to dismiss.

**III. Conclusion**

For the reasons stated above, this court GRANTS Ms. Tolbert's motion for leave to amend, (doc. 29), and DIRECTS the Clerk of Court to reinstate High Noon as a defendant in this case. The court FINDS AS MOOT "Plaintiff's Motion to Alter, Amend, or Vacate." (Doc. 30).

**DONE** and **ORDERED** this 26th day of February, 2019.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE