IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MELANIE TOLBERT, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO.: |
| | ) 4:18-cv-00680-KOB |
| DISCOVERY, INC. a/k/a | ) |
| DISCOVERY COMMUNICATIONS, INC. | ) |
| a/k/a DISCOVERY | ) |
| COMMUNICATIONS, LLC f/k/a SCRIPPS | ) |
| NETWORK INTERACTIVE, INC., a/k/a | ) |
| SCRIPPS NETWORKS, LLC, | ) |
| | ) |
|    DEFENDANTS. | ) |

### THIRD AMENDMENT TO COMPLAINT SUBSTITUTING FOR AND REPLACING COUNT I AND AD DAMNUM CLAUSE

Comes now plaintiff, in accordance with the present scheduling order, and amends the Complaint in this cause as follows, substituting for and replacing the following averments:

### COUNT I
### VIOLATION OF THE COPYRIGHT ACT, 17 U.S.C. 101 *et seq.*

54. Plaintiff realleges the material averments of paragraphs 1-53 of the initial Complaint and incorporates the same herein by reference, as if fully set out herein.

55. Through their conduct averred herein, defendants have willfully infringed plaintiff's valid copyright and ownership interest in the pilot teaser video and show details reflected therein in violation under the Copyright Act, 17 U.S.C. § 101 *et seq.*

56. The defendants had direct and indirect access to plaintiff's copyrighted materials, and there is a substantial similarity of protectable material in plaintiff's work and defendants' work. Further, the works of plaintiff and defendants are so strikingly similar that defendants' copying the plaintiff's copyrighted materials is the only realistic basis for the defendants' materials.

57. Additionally, by directly using and appropriating the images and show details of plaintiff's original work, defendants' infringement is also shown to be willful, intentional, and purposeful, in disregard of and with indifference to plaintiff's rights.

58. By continued production and airing of the infringing work, defendants continue to willfully infringe upon plaintiff's rights under the copyright statute.

59. Therefore as a direct and proximate result of such infringement, plaintiff is entitled to damages in an amount to be proven at trial.

60. Such infringement further entitles plaintiff to both actual and/or statutory damages and any other relief provided by the Copyright Act.

61. Plaintiff is also entitled to defendants' profits attributable to the infringement, under 17 U.S.C. § 504(b), and entitled to an accounting of such and a constructive trust for such with respect to any such profits. Plaintiff is entitled to attorney fees and costs as set forth in the Copyright Act.

62. Plaintiff has further suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, in that plaintiff has been denied credit for creating such show, and the loss of prestige therefrom as it affects her career in a business in which nothing sells like success.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A.  For actual, compensatory and/or statutory damages in an amount sufficient to compensate plaintiff for prior and continuing losses, including but not limited to:

- Loss of earnings from being creator of the show;
- Loss of earnings from being executive producer of the show;
- Loss of earnings from being writer of the show;
- Loss of earnings from being star of the show;
- Loss of earnings from related endorsements, commercial deals, growth of their personal businesses and other benefits which naturally flow from being star of the show;
- Loss of earnings from not receiving the credit, prestige and notoriety which would otherwise be due and inhere to plaintiff.  Plaintiff references Exhibit C to the complaint, to be added herein.

THEREFORE plaintiff demands judgment for these losses in an amount not less than $50,000,000.

B.  For an accounting of, and the imposition of a constructive trust for, defendants' profits attributable to their willful infringement of plaintiff's copyright in plaintiff's work.  See

THEREFORE plaintiff demands judgment based on these profits in an amount not less than $100,000,000. Plaintiff references Exhibit C to the complaint, to be added herein.

C. For injunctive relief in the form of an order by the Court that plaintiff be attributed such credit as is due and reflected customarily in the infringing work.

D. For pre-judgment interest on sums that would have been paid had defendants not infringed plaintiff's copyright and work.

E. For attorney fees and costs.

F. For such other and further relief as the Court may deem just and proper.

                                s/H. Edgar Howard
                                H. Edgar Howard
                                Attorney for Plaintiff
                                Ford, Howard & Cornett, P.C.
                                P.O. Box 388
                                Gadsden, AL 35902
                                256-546-5432
                                256-546-5435 fax
                                ed@fordhowardcornett.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following recipients.

This  20th  day of       January   , 2020.

                                        s/H. Edgar Howard
                                        H. Edgar Howard
                                        Attorney for Plaintiff

cc    David W. Holt, Esquire
       Bradley Arant Boult Cummings LLP
       200 Clinton Avenue West, Suite 900
       Huntsville, AL 35801-4900