# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MELANIE TOLBERT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 4:18-CV-00680-KOB |
| ) | |
| ) | |
| **DISCOVERY, INC. a/k/a DISCOVERY** ) | |
| **COMMUNICATIONS, LLC f/k/a** ) | |
| **SCRIPPS NETWORK INTERACTIVE,** ) | |
| **INC., a/k/a SCRIPPS NETWORKS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## **MEMORANDUM OPINION**

This matter comes before the court on Defendant Discovery Inc.'s "Motion to Strike Plaintiff's Responses to First Set of Requests for Admission," (doc. 68), and "Motion to Compel Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Production," (doc. 69). To best promote the just resolution of this case, the court will deny Discovery's motion to strike. Additionally, the court will deny Discovery's motion to compel because Ms. Tolbert has now produced her responses and justice does not support the imposition of fees and expenses.

**Factual Background and Procedural History:**

According to her complaint, in 2014 Ms. Tolbert conceived of a then-original idea for a mother-daughter home renovation television show and reached out to several television industry contacts about the possibility of creating such a show. (Doc. 1). Ms. Tolbert then filmed a teaser trailer with her mother to help pitch the idea. Ms. Tolbert disseminated the teaser to several

1

unnamed individuals and alleges that those individuals provided Discovery with access to the teaser.

Ms. Tolbert's efforts did not ultimately lead to a television show. But in 2017, Ms. Tolbert noticed that Discovery-owned HGTV had its own mother-daughter home renovation show called *Good Bones*. Ms. Tolbert subsequently acquired a copyright on her initial teaser and brought this action against Discovery and another defendant, High Noon Productions, LLC, for infringing her copyright.

After the court adjudicated multiple motions to dismiss that ultimately resulted in High Noon's dismissal from the case for lack of personal jurisdiction, Ms. Tolbert and Discovery began to conduct discovery. During the early discovery process, the parties had a dispute over document production under Fed. R. Civ. P. 26 and filed competing motions for a protective order. (Doc. 58; doc. 59). The court granted a protective order on January 24, 2020, designating some information as confidential and for attorneys' eyes only. (Doc. 63). Only after the court entered the protective order did Discovery make its initial Rule 26 disclosures.

In the meantime, on November 25, 2019, Discovery served Ms. Tolbert with requests for admission and its first set of interrogatories and requests for production. (Doc. 68 at 1; doc. 69 at 1). Ms. Tolbert filed responses to the requests for admission on January 28, 2020. On January 30, 2020, Discovery corresponded with Ms. Tolbert about when she would submit her responses to its first set of interrogatories and requests for production, but Ms. Tolbert did not respond.

On February 7, 2020, Discovery filed a motion to strike Ms. Tolbert's late responses to the requests for admission and a motion to compel responses to the interrogatories and requests for production. (Doc. 68, doc. 69). The parties fully briefed the motions. On February 13, 2020,

Ms. Tolbert submitted her responses to Discovery's first set of interrogatories and requests for production. (Doc. 81 at 2).

**DISCUSSION:**

    a. **Motion to Strike**

Discovery moves to strike Ms. Tolbert's responses to its first requests for admission because she filed them belatedly. (Doc. 68). Discovery argues that, because Ms. Tolbert did not file her response to the requests for admission within 30 days of service of the requests, Discovery's requests became accepted admissions pursuant to Fed. R. Civ. P. 36(a)(3). Discovery asserts that Ms. Tolbert's belated responses have no effect on the deemed admissions and should be struck.

Ms. Tolbert responds that her delay in answering the requests for admission occurred because of Discovery's own delay in making Rule 26 disclosures. (Doc. 80). She argues that her delay was not willful and did not prejudice Discovery. She asks that the court deny Discovery's motion and either deem her responses timely or withdraw the deemed admissions and allow her to file her responses.

With the court's permission, Discovery filed a reply in support of its motion to strike. (Doc. 87). Discovery argues that Ms. Tolbert has not provided any legal or factual reason why her failure to timely respond to Discovery's requests for admission does not result in deemed admissions. Discovery elaborates that its Rule 26 disclosures should not have had any effect on Ms. Tolbert's ability to respond to its requests for admission.

Rule 36(a) of the Federal Rules of Civil Procedure allows a party to serve another party with "a written request to admit, for purposes of the pending action only, the truth of any matters within [general discovery rules] relating to ... facts, the application of law to fact, or opinions

about either." Fed. R. Civ. P. 36(a)(1). The served party has thirty days to respond to the request or the court will deem the matter admitted. Fed. R. Civ. P. 36(a)(3).

A matter that the court deems admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). At its discretion, a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) (stating that the Eleventh Circuit reviews decisions regarding motions to withdraw or amend admissions for abuse of discretion).

The Eleventh Circuit has held that "district courts should apply a 'two-part test' in deciding whether to grant or deny a motion to withdraw or amend admissions." *Perez*, 297 F.3d at 1264. First, the court should consider whether withdrawal will promote the presentation of the merits of the case; second, the court should determine whether "the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.*

Here, the parties do not dispute that Ms. Tolbert filed her responses to Discovery's requests for admissions more than 30 days after service. *See* Fed. R. Civ. P. 36(a)(3). Therefore, under Rule 36, the court would generally deem the requests admitted. *See id.* However, in her response to Discovery's motion, Ms. Tolbert requests that the court deem her belated responses timely or allow her to withdraw the deemed admissions and submit timely responses. (Doc. 80 at 4). The court reads this plea as a motion to amend the deemed admissions. Therefore, the court applies the Eleventh Circuit's two-part test for allowing withdrawal or amendment of admissions. *See Perez*, 297 F.3d at 1264.

4

The relevant two-part test requires the court to assess whether withdrawal or amendment will help the court consider the merits of the case and whether withdrawal or amendment will prejudice the nonmoving party.  *Id.*  In this case, allowing Ms. Tolbert to amend her admissions with her late responses will ultimately allow the court to have a better understanding of the parties' positions in the case and will promote consideration of the merits of the case.  Moreover, Discovery has not argued that the withdrawal or amendment of the deemed admissions and subsequent consideration of Ms. Tolbert's amended responses to the admissions will create any significant prejudice.  Therefore, the court finds that the application of the Eleventh Circuit's two-part test supports granting Ms. Tolbert's request to amend her responses, so the court DENIES Discovery's motion to strike Ms. Tolbert's responses.  The court construes and accepts Ms. Tolbert's belated responses as amendments to the deemed admissions.

      **b.  Motion to Compel**

Discovery also moves to compel responses from Ms. Tolbert to its first set of interrogatories and requests for production.  (Doc. 69).  Discovery argues that Ms. Tolbert's responses were past due and Ms. Tolbert had not asked for an extension from the court or provided Discovery with information about when the responses would be forthcoming.  Because of Ms. Tolbert's late responses and failure to communicate, Discovery argues that the court should award it reasonable fees and expenses under Fed. R. Civ. P. 37 for the preparation of its motion to compel.  The court notes that, after Discovery filed its motion to compel, Ms. Tolbert did submit responses to Discovery on February 13, 2020.

Ms. Tolbert responds that her delayed response was caused by Discovery's delayed Rule 26 disclosures and her attempts to bring in additional counsel for her case.  (Doc. 81).  She argues that the court should find the motion moot because she has now filed her responses.

Federal Rule of Civil Procedure 37 governs failures to cooperate in discovery and attendant sanctions. Rule 37 allows parties to move the court to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The rule also provides that, if a court grants a motion to compel discovery or the opposing party files the sought-after information after the filing of a motion to compel, the court may "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* 37(a)(5)(A). However, the court should not impose fees and expenses where circumstances justified the failure to disclose or the imposition of fees and expenses would be unjust. *Id.*

In this case, Ms. Tolbert states that she has now disclosed the information that Discovery sought in its interrogatories, so Discovery's motion is moot. To an extent, the court agrees. Now that Ms. Tolbert has provided her responses to Discovery, the court has no reason to compel Ms. Tolbert to respond. However, the filing of Ms. Tolbert's responses after Discovery's motion to compel does not moot the issue of whether the court should grant Discovery fees and expenses for the preparation of its motion.

Rule 37 directs courts to impose fees and expenses on the nonmoving party when disclosure occurs after the moving party has filed a motion to compel, as is the case here, but not where the delay was justified or justice does not support the imposition of fees and expenses. Fed. R. Civ. P. 37(a)(5)(A). Here, Ms. Tolbert's delay in producing her responses stemmed at least partially from Discovery's delayed Rule 26 disclosures and partially from trying to associate new counsel to pursue her case. Thus, circumstances justified her delayed responses. Further, Discovery incurred no penalties for its delayed Rule 26 disclosures. Justice does not

support now penalizing Ms. Tolbert for a similar failure. So, the court finds that Discovery is not entitled to fees and expenses for the preparation of its motion to compel.

Therefore, the court DENIES Discovery's motion to compel because its request for responses has become moot and justice does not support the imposition of fees and expenses.

**CONCLUSION:**

For the reasons discussed above, the court will DENY Discovery's motion to strike belated responses to requests for admission and will treat Ms. Tolbert's belated responses as amendments to the previously deemed admissions. Further, the court will DENY Discovery's motion to compel responses to its interrogatories and requests for production.

**DONE** and **ORDERED** this 17th day of June, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE