FILED

2020 Jun-17  PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **MELANIE TOLBERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:18-CV-00680-KOB** |
| | ) | |
| | ) | |
| **DISCOVERY, INC. a/k/a DISCOVERY** | ) | |
| **COMMUNICATIONS, LLC f/k/a** | ) | |
| **SCRIPPS NETWORK INTERACTIVE,** | ) | |
| **INC., a/k/a SCRIPPS NETWORKS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

This case centers on allegations of copying copyrighted material.  But as the case progressed, the issue of copying—or at least reiteration with slight alteration—started to become more than just a key substantive issue; it became a procedural theme as well.  The case now comes before the court on Defendant Discovery, Inc.'s motion to dismiss Plaintiff Melanie Tolbert's third amended complaint.  (Doc. 67).  Discovery's instant motion presents the court with the third motion to dismiss Ms. Tolbert's complaint alleging copyright infringement as deficient, and the second motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The court finds the second verse to be much the same as the first: as in its previous opinion denying dismissal for failure to state a claim, the court finds that Ms. Tolbert has made sufficient allegations to withstand dismissal at this stage of the proceedings.

## I. Factual Background

According to her complaint, in 2014 Ms. Tolbert conceived of a then-original idea for a mother-daughter home renovation television show and reached out to several television industry contacts about the possibility of creating such a show.  (Doc. 1).  Ms. Tolbert then filmed a teaser trailer with her mother to help pitch the idea.  Ms. Tolbert disseminated the teaser to several unnamed individuals and alleges that those individuals provided Discovery with access to the teaser.

Ms. Tolbert's efforts did not ultimately lead to a television show.  But in 2017, Ms. Tolbert noticed that Discovery-owned HGTV had its own mother-daughter home renovation show called *Good Bones*.  Ms. Tolbert subsequently acquired a copyright on her initial teaser and brought this action against Discovery and another defendant, High Noon Productions, LLC, for infringing her copyright.

## II. Procedural Posture

After Ms. Tolbert filed her complaint, Discovery and High Noon filed a joint motion to dismiss.  (Doc. 9).  The Defendants argued, among other things, that Ms. Tolbert's complaint failed to state a claim because she tried to copyright an uncopyrightable idea rather than the copyrightable expression of the idea.  The court eventually dismissed Ms. Tolbert's complaint against High Noon for lack of personal jurisdiction.  (Doc. 21); (doc. 56).  However, the court found that Ms. Tolbert's complaint against Discovery should not be dismissed for failure to state a claim because Ms. Tolbert had plausibly alleged that Discovery copied specific elements from her teaser video.  (Doc. 21 at 11).  The court also decided that it would not assess the substantial similarity of the works at the pleading stage, especially without having seen the complete works at issue.

2

Ms. Tolbert subsequently twice amended her complaint, most recently on January 20, 2020. On February 7, 2020, Discovery moved to dismiss Ms. Tolbert's third amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### III. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).

Rule 8 generally does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 8, pleadings must contain more than "a formulaic recitation of the elements of a cause of action," mere "labels or conclusions," or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court has explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## IV. DISCUSSION

In its motion to dismiss, Discovery argues that Ms. Tolbert's complaint fails to state a claim under Rule 12(b)(6) because she cannot assert copyright infringement over uncopyrightable material like ideas and "*scenes a faire*."  (Doc. 67).  Discovery asserts that Ms. Tolbert has not alleged any protectible expression substantially similar to *Good Bones*.  In support of its argument, Discovery cites cases from outside of the Eleventh Circuit that support granting motions to dismiss in copyright cases because of lack of substantial similarity.

Ms. Tolbert responds that Discovery's motion is merely a rehash of its previous motion to dismiss and must be likewise denied because this case should not be dismissed at the pleading stage.  (Doc. 82).  Discovery argues that nothing in the court's previous memorandum opinion prevents the court from dismissing Ms. Tolbert's complaint at this stage.  (Doc. 84).

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) copying of constituent elements of her original work.  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).  A plaintiff can prove copying via direct evidence but more often proves copying by showing (1) proof of access to the original and (2) substantial similarity between the original and the alleged copy.  *Id.*  To show substantial similarity, the plaintiff must establish that "an average lay observer" would recognize that the infringer appropriated from the copyrighted work.  *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999) (*citing Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982)).

In an action for copyright infringement, the court must determine "both whether the similarities between the works are substantial from the point of view of the lay reader and whether those similarities involve copyrightable material."  *Herzog*, 193 F.3d at 1248.  General

ideas and *scenes a faire*—"sequences of events which necessarily follow from a common theme" and "[i]ncidents, characters, or settings that are indispensable or standard in the treatment of a given topic"—do not fall under the umbrella of material protectible by copyright. *Id.*

Courts can dismiss copyright infringement cases under Rule 12(b)(6) if the four corners of the plaintiff's complaint allege infringement of something clearly not protected by the Copyright Act, such as an idea, procedure, concept, or discovery. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1229 (11th Cir. 2008). Less clarity exists regarding the appropriateness of dismissing a copyright infringement claim under Rule 12(b)(6) for failing to plausibly establish substantial similarity. *See Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*, 697 F. Supp. 1136, 1138 (E.D. Cal. 1987) ("The court is aware that very seldom are the issues presented by this motion disposed of pursuant to Rule 12(b)(6). From its research, virtually all of the cases are rulings on motions for summary judgment.").

Discovery cannot show that Ms. Tolbert's complaint should be dismissed for alleging only copying of noncopyrightable material. *See Oravec*, 527 F.3d at 1229. Ms. Tolbert's complaint alleges that she has a valid copyright for the teaser trailer for her mother-daughter renovation show and that Discovery copied both the idea for the show *and* specific elements of the teaser. As this court stated in its previous memorandum opinion denying dismissal, Ms. Tolbert's complaint would not survive dismissal if it only tried to assert infringement of the subgenre of mother-daughter renovation shows. (Doc. 21 at 10-11). But, as the court also previously noted, Ms. Tolbert has alleged that Discovery copied *specific elements* of the teaser and then used them in *Good Bones*. (Doc. 21 at 10-11). Accordingly, Ms. Tolbert has not alleged copyright infringement only of an uncopyrightable general idea or concept, but, rather, the specific expression of that idea. *See Herzog*, 193 F.3d at 124. Thus, this court again rejects

Discovery's argument that Ms. Tolbert's complaint attempts to claim copyright protection for only an unprotectable idea.

Further, Ms. Tolbert's allegations at the pleading stage cover more than just *scenes a faire* for mother-daughter home renovation shows.  Ms. Tolbert provided a list of 13 allegedly infringing similarities between her teaser and *Good Bones*.  (Doc. 1 at 14–16).  While some of these similarities are, as Discovery argues, integral to the subgenre—for example, "the show is a mother-daughter team"—some of the alleged similarities do not "necessarily follow from" the common theme of mother-daughter renovation and do not present "[i]ncidents, characters, or settings that are indispensable or standard in the treatment of" mother-daughter renovation shows.  *See Herzog*, 193 F.3d at 124.

For example, Ms. Tolbert alleges specific visual similarities between her teaser and *Good Bones*, including the visual representation of the titles of the shows in paintbrush font and the visual image of the women sitting back-to-back in black t-shirts.  (Doc. 1 at 15–16).  She includes screenshots from her teaser and *Good Bones* that allege similarities in wardrobe and blocking.  (Doc. 1 at 35–36).  The specificity of these allegations, and the fact that they are not standard or indispensable for the genre, go beyond mere *scenes a faire* and show that Ms. Tolbert's allegations do not contain only uncopyrightable material.

Discovery also cannot show that Ms. Tolbert's complaint should be dismissed at this stage of the proceedings because of a failure to show substantial similarity.  In its motion to dismiss, Discovery relies heavily on the Third Circuit case *Tanksley v. Daniels* to argue the appropriateness of dismissing Ms. Tolbert's complaint at this stage of the proceedings.  902 F.3d 165 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1175 (2019), *reh'g denied*, 139 S. Ct. 1596 (2019).  Like this case, *Tanksley* dealt with an allegation that a television show infringed on copyrighted

material, namely, a television pilot.  *Id.* at 168.  The Third Circuit held that the district court had

properly dismissed the complaint under Rule 12(b)(6) because no reasonable jury could find

substantial similarity between the shows at issue.  *Id.* at 177.  In reaching that conclusion, the

Third Circuit noted that substantial similarity typically presents such a fact-intensive question

that courts disfavor even summary judgment, but stated that the formerly rare dismissals for lack

of substantial similarity were becoming more common.  *Id.* at 171.  The Third Circuit referenced

opinions from the Second, Seventh, Eighth, Ninth, and Tenth Circuits.  *Id.*

     As an initial matter, the court notes that *Tanksley* and other out-of-circuit decisions

present only persuasive rather than binding authority.  Neither Discovery's motion nor this

court's research show a published Eleventh Circuit opinion indicating that the Eleventh Circuit

favors dismissal under Rule 12(b)(6) because of a lack of substantial similarity.  Rather, the

Eleventh Circuit has recognized that "non-infringement may be determined as a matter of law on

a motion for *summary judgment*, either because the similarity between two works concerns only

non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly

instructed, could find that the two works are substantially similar."  *Herzog*, 193 F.3d at 1247

(emphasis added).  Thus, a lack of complete clarity remains regarding whether courts in this

circuit should dismiss copyright cases under Rule 12(b)(6) because of a lack of substantial

similarity.

     But even if the Eleventh Circuit clearly favored dismissal at this stage, Discovery cannot

show that Ms. Tolbert's complaint should be dismissed as a matter of law for failing to allege

substantial similarity.  Discovery argues that that court should dismiss Ms. Tolbert's complaint

because the facts in this case echo the facts in *Tanksley*.  Setting aside the issue of the propriety

of dismissal at this stage, the court still finds the cases distinguishable.

In *Tanksley*, the Third Circuit affirmed the lower court's dismissal of the complaint alleging copyright infringement because, while the premise of the two television shows at issue was the same, the expressions of the premise in the "two shows' characters, settings, and storylines" were so different that no reasonable jury could find the shows substantially similar. 902 F.3d at 175–77.  The Third Circuit restated the district court's finding that "even when 'viewing the comparisons in the light most favorable'" to the plaintiff, the television shows contained "dramatically different expressions of plot, characters, theme, mood, setting, dialogue, total concept, and overall feel." *Id.* at 177 (quoting *Tanksley v. Daniels*, 259 F. Supp. 3d 271, 294 (E.D. Pa. 2017)).

Ms. Tolbert's complaint creates a different situation.  As discussed above, Ms. Tolbert alleges that her teaser and *Good Bones* have significant similarity not only in general premise but in specific execution.  Ms. Tolbert's complaint alleges a list of 13 similarities between her teaser and *Good Bones*, many of which go beyond just the premise and characters of the show to include specific visual elements along with the "total concept" and "overall feel" of the show. *See Tanksley*, 902 F.3d at 177.  Ms. Tolbert included screenshots allegedly showing the similarities between the shows.

Generally, courts view lists of similarities like the one provided by Ms. Tolbert as "inherently subjective and unreliable, particularly where the lists contain random similarities, and many such similarities could be found in very dissimilar works." *Herzog,* 193 F.3d at 1257. However, at this stage of the proceedings and without having examined both works in their entirety, the court finds that it cannot definitively say that *no* reasonable jury could find substantial similarity between Ms. Tolbert's teaser and *Good Bones*—the standard articulated in *Tanksley* for motions to dismiss for lack of substantial similarity and by the Eleventh Circuit at

8

summary judgment.  *See Tanksley*, 902 F.3d at 177; *Herzog*, 193 F.3d at 1247.  Ms. Tolbert's allegations suggest shows with similar premises and characters and her screenshots show at least some visual similarity in the specific expression of the ideas.  A reasonable jury could potentially find the visual support that Ms. Tolbert provides for her allegations persuasive and find that an "an average lay observer" would think *Good Bones* appropriated from Ms. Tolbert's teaser.  *See Herzog*, 193 F.3d at 1248.

As in its earlier opinion denying dismissal under Rule 12(b)(6), the court finds that—regardless of whether the shows are actually substantially similar after complete consideration—Ms. Tolbert has met her burden of alleging plausible similarity at the pleading stage.  (*See* doc. 21 at 11).  Once again, this court declines to make any judgment on the merits of this case without having seen the complete works at issue.

Thus, for the reasons stated above, the court will DENY Discovery's motion to dismiss Ms. Tolbert's complaint for failure to state a claim upon which relief can be granted.

**DONE** and **ORDERED** this 17th day of June, 2020.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

9