FILED

2021 Mar-10  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **MELANIE TOLBERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:18-CV-00680-KOB** |
| | ) | |
| | ) | |
| **DISCOVERY, INC. a/k/a DISCOVERY** | ) | |
| **COMMUNICATIONS, LLC f/k/a** | ) | |
| **SCRIPPS NETWORK INTERACTIVE,** | ) | |
| **INC., a/k/a SCRIPPS NETWORKS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Melanie Tolbert's motion for leave to designate experts (doc. 120). Defendant Discovery filed a response in opposition (doc. 122). The motion is ripe for review. The court **GRANTS** in part and **DENIES** in part Plaintiff's motion.

The deadline for Plaintiff to disclose any expert witnesses expired on August 31, 2020. (Doc. 94). But Plaintiff recently retained new counsel (doc. 117) and now moves for leave to designate experts (doc. 120). Plaintiff asserts that "new facts and evidence have come to light that constitute good cause for the [c]ourt to grant leave for Plaintiff to designate expert witnesses to ensure that this case is adjudicated on its merits in the interest of fair play and substantial justice." (Doc. 120 at 2). Plaintiff asserts that Defendant has produced 168 pages of documents as evidence in support of its motion for summary judgment (docs. 113, 115) that Plaintiff has not before seen, including allegedly falsified e-mails describing the development of the *Good Bones* television series. Plaintiff wants to designate electronic forensic experts to offer opinions on the allegedly falsified e-mails—as well as other experts.

1

In response, Defendant Discovery argues that Plaintiff has not shown good cause for relief and that Plaintiff has not been diligent, noting that Plaintiff waited until almost the initial expert deadline to serve her first document requests, failed to file a motion with the court to extend the expert disclosure deadline before August 31, 2020, and should have known that she would need certain experts—such as experts on damages and on the elements of substantial similarity and fair use—before the original expert disclosure deadline. (Doc. 122 at 6, 9–10).

True, the court previously refused to extend the deadline for designating experts. (Doc. 106). On November 10, 2020, the court revised the scheduling order in this case, extending the discovery deadline to March 31, 2021, to align with the discovery deadline in the Colorado district court case involving High Noon, who was dismissed from this case because of lack of personal jurisdiction. (Doc. 107). At that time, the court denied a motion from Plaintiff (doc. 105) to instate new expert disclosure deadlines, noting that it does not typically extend deadlines that have already passed (doc. 106). But an exception arises here: Plaintiff could not have known in August of 2020 that Defendant Discovery would present allegedly tampered e-mails. Plaintiff must have an opportunity to examine and address this issue.

Under Federal Rule of Civil Procedure 16(b)(4), a court may modify a scheduling order "for good cause." "To establish good cause, the party seeking the extension [of a scheduling order] must have been diligent." *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008). The court finds that good cause exists for granting Plaintiff's motion for leave to designate some—but not all—experts. The court **GRANTS** Plaintiff's motion for leave to designate electronic forensic experts to offer opinions on the allegedly falsified e-mails. Plaintiff has been diligent. Plaintiff was not aware of the e-mails before Defendant filed its motion for summary judgment and the accompanying evidentiary support (doc. 113, 115), so Plaintiff

2

certainly was not aware of the allegedly falsified e-mails in August 2020. Further, the court is not convinced that Defendant complied with its duty to supplement disclosure under Federal Rule of Civil Procedure 26(e).

But the court **DENIES** Plaintiff's motion for leave to designate experts on other matters, such as damages, substantial similarity and fair use, private investigations, and attorney's fees[1]— all of which are topics on which Plaintiff should have reasonably known that she would need experts before the August 31, 2020 expert disclosure deadline.

**DONE** and **ORDERED** this 10th day of March, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

---

[1]      But the court expressly does not prevent Plaintiff's counsel from testifying concerning their own work on this case and their billing rates in the event such testimony may become relevant.